

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -3 PM 3: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN TURNER                                          CIVIL ACTION

VERSUS                                                 NUMBER: 04-00383

R.L. BROWNLEE,                                         SECTION: "I"(5)
ACTING SECRETARY OF THE ARMY

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the Court is defendant's motion to dismiss and/or motion for summary judgment and plaintiff's response to said motion, denominated as a "motion to compel equal protection of the law." (Rec. docs. 11, 16, 19). For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's suit be dismissed with prejudice.

Nathan Turner, plaintiff herein, is an African-American individual who is employed as a welder at the New Orleans District Office of the U.S. Army Corps of Engineers. Plaintiff filed the instant suit on February 11, 2004, alleging that he was discriminated against on the basis of race and in retaliation for

___ Fee_____
___ Process_____
X / Dktd_____
√ CtRmDep_____
___ Doc. No _____

having previously engaged in activity protected by Title VII when he was denied the opportunity to attend requested training, when he was required to attend other training that he felt was unnecessary, and when he was suspended for three days without pay in May of 2001.   (Rec. doc. 1, pp. 1-2).[1]/

As shown by the exhibits supporting defendant's motion, on or about May 15, 2000, plaintiff made a request to attend an Instructor course in Dallas, Texas.   (Rec. doc. 16, ex. 2, p. 2). Tom Philips, an African-American who was the Acting Chief of the Facilities Management Section and plaintiff's second-line supervisor at the time, denied plaintiff's request as the course in question was not a required one.   (Id.).   No other employee in the Shop's Unit where plaintiff worked requested or attended the instructor training.   (Id.).   Subsequently, all of the employees of the Shop Unit, save one who called in sick that day, were required to attend a mandatory one-day Rigging Safety Class on August 15 or 16, 2000.   (Rec. doc. 16, ex. 2, p. 1).   Pursuant to his request, plaintiff was allowed to attend a leadership training class in Washington, D.C. in December of 2000.   (Rec. doc. 16, ex. 2, p. 2). Plaintiff had also attended a thirty-two hour training class course

---

[1]/ Plaintiff's complaint contains no allegation that he was discriminated against on the basis of disability.   (Rec. doc. 1, pp. 1-2).

in June of 2000.  (Id.)  As attested to Herbert Petit, plaintiff's first line supervisor at the time, between March of 1998 and March of 2000, plaintiff attended four separate training courses totaling one hundred ninety-eight hours, more training during that time period that any other employee in the Shops Unit.  (Id.).

As respects plaintiff's suspension-related claim, at all times pertinent thereto, James Courville was the Chief of the Physical Support Branch, Supervisory Mechanical Engineer, and plaintiff's third-line supervisor.  (Rec. doc. 16, ex. 3).  Desirous of a reclassification of his job description, including a change in grade and/or title based upon his duties, plaintiff forwarded a four-paged letter requesting such action to Courville on November 21, 2000.  (Rec. doc. 16, ex. 1-C).  Apparently aggrieved with the progress of the action that was taken on his request, plaintiff authored another letter to Courville, with copies thereof also being sent to Courville's supervisors, which stated, in part, that "[m]y paperwork was given to you over nine months ago.  I am not only a victim of you[r] prejudice, but also a victim of your ineptness and apathy."  (Rec. doc. 16, ex. 1-D, p. 2).  As a result of plaintiff's inflammatory missive, Courville issued a Notice of Proposed Suspension recommending that plaintiff be suspended from work for three days without pay.  (Rec. doc. 16, ex. 1-E).  The Notice further advised plaintiff of his right to contest the

proposed action, both personally and in writing, to present witnesses and affidavits in his defense, and to use official work time for that purpose. (Id.). Plaintiff, however, failed to avail himself of those opportunities. (Rec. doc. 16, ex. 3, p. 2). Ultimately, Robert Schroeder, Chief of the Operations Division and plaintiff's fourth-line supervisor, sustained the proposed suspension after considering various mitigating and aggravating factors. (Rec. doc. 16, exs. 1-G, 1-H).

Defendant now moves for the dismissal of plaintiff's claims and/or for summary judgment under Rules 12(b)(6) and 56(c) of the Federal Rules of Civil Procedures. In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all of the allegations set forth in a plaintiff's complaint as true and must view them in a light most favorable to him. American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal under Rule 12(b)(6) is proper only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. (quoting Baton Rouge Building and Construction Trades Council AFL-CIO v. Jacobs Construction, Inc., 804 F.2d 879, 881 (5th Cir. 1986)).

As for the alternative relief requested by defendant, summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists and the moving party is entitled to judgment

as a matter of law.  Celotex Corporation v. Catrett, 477 U.S. 317,
106 S.Ct. 2548 (1986).   Although all inferences drawn from the
evidence are to be resolved in the non-movant's favor, he may not
rest on the mere allegations or denials in his pleadings.  Spellman
v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993).   Rather, once a
properly supported motion for summary judgment is made, the burden
shifts to the non-movant who bears the burden of proof at trial to
show with "significant probative" evidence that there exists a
triable factual issue.   Kansa Reinsurance Co., Ltd. v.
Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1371 (5th Cir.
1994).  And in employment discrimination cases, summary judgment is
not precluded merely because the plaintiff alleges that the
defendant was motivated by discriminatory intent.  Ward v. Bechtel
Corp., 102 F.3d 199, 202 (5th Cir. 1997).

Employees in the public sector like Turner are protected by 42
U.S.C. §2000e-16(a) which provides that "[a]ll personnel actions
affecting employees ... shall be made free from any discrimination
based on race, color, religion, sex, or national origin."  Title
VII was designed to redress "adverse personnel actions" which are
defined as "... ultimate employment decisions, not ... every
decision made by employers that arguably might have some tangential
effect upon those ultimate decisions."  Dollis v. Rubin, 77 F.3d
777, 781-82 (5th Cir. 1995).   Ultimate employment decisions

encompass such things as hiring, granting leave, discharging, promoting, and compensating. Id. (citing Page v. Bolger, 645 F.2d 227, 233 (4th Cir.), cert. denied, 454 U.S. 892, 102 S.Ct. 388 (1981), but do not include "... every decision made by employers that arguably might have some tangential effect upon those decisions.'" Mattern v. Eastman Kodak Co., 104 F.3d 702, 707 (5th Cir.), cert. denied, 522 U.S. 932, 118 S.Ct. 336 (1997)(quoting Dollis, 77 F.3d at 782). "'A purely lateral transfer is not an adverse employment action.'" Burger v. Central Apartment Mgt., Inc., 168 F.3d 875, 879 (5th Cir. 1999)(quoting Doe v. DeKalb County Sch. Dist., 145 F.3d 1441, 1450 (11th Cir. 1998)). Courts have similarly found that Title VII's protections do not extend to a denial of training, non-selection for a detail, or adverse performance appraisals, Hagan v. Walker, 1998 WL 830641 at *3 (E.D. La. 1998), adverse performance appraisals or forced leave, Lewis v. Glickman, 1997 WL 276084 at *6 (E.D. La. 1997), or a lateral transfer to a more demanding position, a delay in crediting work for an upgrade, a written reprimand, or omission from a job referral roster. Smith v. Perry, 1997 WL 160293 at *2-6 (N.D. Tex. 1997). The requirement of proving that an employee was subjected to an adverse employment action applies to both Title VII disparate treatment claims, Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206 (5th Cir.), cert. denied, 525 U.S. 1000, 119 S.Ct. 509

(1998), and to Title VII retaliation claims.   Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000).

Applying the foregoing authorities to the matter at hand, it is clear that plaintiff's allegations regarding the denial of training on one occasion and the mandatory rigging safety class he was required to attend in August of 2000 do not amount to an adverse personnel actions that are redressable under Title VII. Accordingly, that claim should be dismissed as a matter of law.

Plaintiff's second claim herein is that he was suspended for three days in 2001 based on his race and in reprisal for having engaged in activities protected by Title VII.   Absent direct evidence of racial discrimination, a plaintiff in a Title VII disparate treatment action must first set forth a prima facie case by proving:   1) that he was a member of a protected group, 2) that he was qualified for the position, 3) that he suffered an adverse employment action, and 4) that the defendant treated similarly situated individuals of a different race more favorably than it treated him.   Urbano, 138 F.3d at 206; Ward, 102 F.3d at 202.   In order to prove up a prima facie case on a retaliation claim, the plaintiff must show:   1) that he engaged in activity protected by Title VII, 2) that the employer took adverse employment action against him, and 3) that a causal connection exists between the protected activity and the adverse employment action.   Haynes, 207

F.3d at 299.   If the plaintiff is able to establish a <u>prima</u> <u>facie</u> case of discrimination on either a disparate treatment claim or a retaliation claim, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action.   <u>McDonald Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973); <u>Haynes</u>, 207 F.3d at 299.   If the defendant does so, the presumption of discrimination "drops out of the picture" and the plaintiff shoulders the ultimate burden of proving that he has been the victim of intentional discrimination. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000).

To set forth a <u>prima</u> <u>facie</u> case of disparate treatment racial discrimination on his suspension claim, plaintiff would need to come forward with proof that the misconduct for which he was disciplined was "nearly identical" to that engaged in by a non-minority individual who was not suspended like he was.   <u>Little v. Republic Refining Co.</u>, 924 F.2d 93, 97 (5th Cir. 19991); <u>Smith v. Wal-Mart Stores</u>, 891 F.2d 1177, 1180 (5th Cir. 1990); <u>Davin v. Delta Airlines, Inc.</u>, 678 F.2d 567, 570 (5th Cir. Unit B 1982). Unfortunately, the papers submitted by plaintiff in opposition to defendant's motion fail to make that showing.[2]/   Plaintiff fails to

---

[2]/ Although plaintiff complains in his opposing papers that defendant failed to provide him with requested documents, he makes

identify a single non-minority individual who was not suspended despite writing and circulating inflammatory correspondence about his supervisor like plaintiff did.   And putting aside whether the vague reference in plaintiff's complaint to "...reprisal of my protective activities" sufficiently identifies a protected activity as required under the first element of a _prima_ _facie_ case for retaliation, plaintiff  has failed to prove the required causal connection between any protected activity that he may have engaged in and his suspension and he falls woefully short of establishing that his suspension was a product of unlawful retaliation.   Haynes,

---

no showing of having served the defendant with a proper discovery request under Rule 34, Fed. R. Civ. P.  Plaintiff also points out that he declined to consent to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c) but neither the consent of the parties nor exceptional circumstances are required for a district judge to refer a Title VII case to a magistrate judge acting as a special master under 42 U.S.C. §2000e-5(f)(5) and Rule 53, Fed. R. Civ. P. Gonzalez v. Carlin, 9.7 F.2d 573, 577 (5th Cir. 1990).  Plaintiff additionally complains that his request for appointment of counsel was wrongfully denied but the record contains no such request which would have been denied at any rate in light of the factors set forth in Neal v. IAM Local Lodge 2386, 722 F.2d 247, 250 (5th Cir. 1984).  The record also contains no request from plaintiff to disqualify defendant's counsel based upon an alleged lack of professionalism and plaintiff having challenged only individual acts of alleged discrimination that were directed towards him, his reliance on the statistical data in his employer's affirmative action plan has little place in this Title VII disparate treatment case. See Pouncy v. Prudential Ins. Co., 668 F.2d 795, 800-01 (5th Cir. 1982).  Plaintiff has now had ample opportunity to obtain counsel of his choosing and the Court previously vacated the date for the evidentiary hearing in this case pending the final resolution of defendant's motion. (Rec. doc. 18).

207 F.3d at 299-300; <u>Winchester v. Galveston Yacht Basin</u>, 943 F.Supp. 776, 780 (S.D. Tex. 1996), <u>aff'd</u>, 119 F.3d 1 (5th Cir. 1997)(table).

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's motion to dismiss and/or for summary judgment be granted and that plaintiff's suit be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this 1st day of February, 2006.

UNITED STATES MAGISTRATE JUDGE